UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William A. Brown, #208706,  ) | C/A No. 9:07-00317-GRA-GCK |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | |
| ) | REPORT |
| Stan Burtt, Warden, Lieber Correctional Institution;  ) | AND |
| Henry McMaster, Attorney General for South Carolina; and  ) | RECOMMENDATION |
| the United States of America,  ) | |
| ) | |
| Respondents.  ) | |

Petitioner brings this action as a writ of habeas corpus pursuant to 28 U.S.C. § 2241.* Petitioner is an inmate at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections. Petitioner was sentenced in Lexington County Court of General Sessions in 1993 to twenty-five (25) years for armed robbery, five (5) years consecutive for possession of a firearm during commission of a violent crime, five (5) years concurrent for pointing and presenting and thirty (30) years suspended upon service of ten (10) years for kidnaping. Petitioner was sentenced in this Court in 1994 to a term of two hundred twenty-four (224) months incarceration to run concurrent with petitioner's state sentence for possession of a firearm by a convicted felon.

### *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v.*



---

*Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

*Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. at 520. A federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, this petition is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

### State Sentences

Petitioner brings this habeas action under § 2241 regarding the computation of his state sentences. With respect to a state sentence, a petitioner's federal habeas corpus relief is available either through 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion required under 28 U.S.C. § 2241); *Picard v. Connor*, 404 U.S. 270 (1971) (exhaustion required under 28 U.S.C. § 2254). Although an exhaustion requirement is codified in § 2254, the state court exhaustion requirement for § 2241 claims is not mandated by statute but "has developed through decisional law in applying principles of comity and federalism[.]" *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) (citing



2

*Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973)); *see also Robinson v. Wade*, 686 F.2d 298, 303 n. 8 (5th Cir. 1982).

The first ground for relief in this habeas action is an attack on the computation of petitioner's state sentences. In his petition, petitioner admits that he has not exhausted his state court remedies. (Pet. at 3.) Therefore, this § 2241 petition should be dismissed regarding petitioner's attack on the computation, or execution, of his state sentences.

### Federal Sentence

The second and third grounds for relief in this habeas action are an attack on petitioner's federal sentence. Prior to enactment of § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. When a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, § 2241 remains an option as a remedy. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).



Petitioner does not state clearly that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Rather, petitioner states that he is bringing this action pursuant to § 2241 because "the United States Supreme Court has rendered 'watershed' decisions" since petitioner's last legal action. (Pet. at 9.) The fact that a § 2255 motion filed by the petitioner previously has been denied does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

This Court has previously considered the merits of a motion filed by this petitioner pursuant to § 2255. *See* C/A No. 3:96-03815-MJP. Petitioner should not be allowed to bring this action styled as a § 2241 petition in order to circumvent the fact that he has not been granted authority to file a successive § 2255 motion. *See* 28 U.S.C. § 2244. Because petitioner's claims raised in this petition are cognizable under § 2255, and this would be his second § 2255 motion, this motion is successive. Petitioner has failed to comply with 28 U.S.C. § 2244 because he has not secured an order from the United States Court of Appeals for the Fourth Circuit authorizing this Court to consider a successive § 2255 motion. *See* 28 U.S.C. §§ 2244, 2255.

Petitioner clearly does challenge the validity of his federal sentence. (Pet. at 2, 14-17.) According to at least one court, "a prisoner who challenges his *federal* conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir.1994). A petition for habeas corpus under § 2241, in contrast, is the "vehicle for challenging the execution, not the validity of the sentence." *Atehortua v. Kindt*, 951 F.2d 126, 130 (7th Cir. 1991). This petition for writ of habeas corpus under § 2241 should be dismissed because the petitioner's claims regarding his federal sentence are cognizable under 28 U.S.C. § 2255, not 28 U.S.C. § 2241.

### Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in this case be dismissed *without prejudice* and without issuance and service of process upon the respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus

petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996.

Respectfully submitted,

George C. Kosko
United States Magistrate Judge

February 13, 2007
Charleston, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).